# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00177-MR
# [CRIMINAL CASE 2:10-cr-00019-MR-DLH-1]

| | |
|---|---|
| MARK WAYNE BALLARD, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

On November 17, 2010, Petitioner, who is Native American, was indicted in this District on one count of aggravated sexual abuse of another person within the boundaries of the Eastern Band of Cherokee ("EBC") Indian reservation, in violation of 18 U.S.C. §§ 2241 and 1153 (Count One), and one count of kidnapping and holding a person for ransom within the EBC Indian Reservation, in violation of 18 U.S.C. §§ 1201 and 1153 (Count Two).

[Criminal Case No. 2:10-cr-00019 ("CR"), Doc. 11: Superseding Bill of Indictment].

On January 19, 2011, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two. [CR Doc. 18: Plea Agreement]. In the plea agreement, Petitioner agreed to waive his right to contest his conviction or sentence on direct appeal or collateral review except for claims of ineffective assistance of counsel or prosecutorial misconduct. Following a Plea and Rule 11 hearing, Petitioner's guilty plea was accepted after the Court found that he understood the elements of Count One and the potential punishment he faced upon conviction, and that he understood and agreed with the terms of his plea agreement.

Petitioner was sentenced to a term of 118 months' imprisonment and a lifetime term of supervised release and was ordered to pay fees for his court-appointed counsel. [CR Doc. 27: Judgment]. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. On appeal, the Fourth Circuit granted the Government's motion to dismiss Petitioner's challenge to his lifetime term of supervised release and other conditions of his release based on his appellate waiver, but vacated the order requiring Petitioner to pay the cost of his court-appointed counsel. See United States

v. Ballard, 491 F. App'x 374 (4th Cir. 2011) (unpublished).  On remand, the Court amended the Judgment to eliminate the requirement of the payment of counsel fees.  [CR Doc. 51: Amended Judgment].  The Amended Judgment was entered on November 7, 2012, and Petitioner did not appeal.

In his § 2255 Motion, Petitioner raises several claims of ineffective assistance of counsel, including claims that counsel failed to conduct a proper pretrial investigation and failed to challenge certain evidence. Petitioner also challenges the validity of his guilty plea and the legality of his sentence.  [Civil Case No. 1:15-cv-00177 ("CV"), Doc. 1].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Amended Judgment became final on November 21, 2012, when his time for filing a direct appeal expired. Therefore, he had until November 21, 2013, to file a motion to vacate under § 2255. According to Petitioner, he placed his § 2255 Motion in the prison's mailing system on August 3, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988) (motion deemed filed when petitioner avers that he placed it in the prison mailing system). Therefore, it appears that the motion is untimely.

4

Petitioner argues that his § 2255 Motion should be deemed timely based on a retroactive Supreme Court decision and based on newly discovered evidence. Alternatively, Petitioner contends that he should be entitled to equitable tolling. [CV Doc. 1 at 17]. Both of Petitioner's arguments are unavailing.

First, the Supreme Court case cited by Petitioner, Fourstar v. Decon, 135 S. Ct. 258 (2014), cannot render his motion timely because this case merely denies a petition for a writ of certiorari to review a decision of the United States Court of Appeals for the Ninth Circuit. This decision does not constitute the recognition of any new right by the Supreme Court and therefore does not implicate § 2255(f)(3). Second, Petitioner's claim of newly discovered evidence fails because he does not present any evidence that would not have been known to him prior to the entry of his guilty plea. Accordingly, Petitioner's motion cannot be considered timely filed under § 2255(f)(4).

Finally, Petitioner has failed to present any reasonable argument in support of an equitable tolling of the one-year limitation period. In order to establish a case for equitable tolling, a petitioner must demonstrate that he has been (1) diligently pursuing his rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing. See Holland v.

Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A review of Petitioner's § 2255 Motion makes it plain that each of the arguments he presents were known, or should have been known, to him prior to the entry of his guilty plea.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion is untimely and that he has failed to establish a case for equitable tolling. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 31, 2015

Martin Reidinger
United States District Judge